**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| YU SU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:25-CV-541-PPS-AZ |
| | ) |
| UNITED STATES CITIZENSHIP and | ) |
| IMMIGRATION SERVICES (USCIS), *et al.*, | ) |
| | ) |
| Defendants. | ) |

## <u>OPINION AND ORDER</u>

At the time she filed this complaint back in December 2025, pro se plaintiff Yu Su had already waited 12 months since she filed her Form I-485 for permanent residence status, with no adjudication.  And the wait continues.  In this mandamus action, Su is not trying to overturn an adverse decision by the United States Citizenship and Immigration Services (USCIS).  Instead, she seeks an order compelling USCIS to simply make a decision one way or the other on her application.  While my sympathies lie with Su, because I lack jurisdiction over the I-485 petition, the motion to dismiss filed by Defendants must be granted.

### Background

Pro se Plaintiff, Yu Su, is a Chinese citizen. [Compl., DE 1 at ¶ 6.]  She was granted asylee status on April 30, 2024, and filed a Form I-485 application on approximately December 13, 2024. [*Id.* ¶¶ 10-13.]  She is seeking adjustment of her status to lawful permanent resident.  So far, at the time of the complaint, her request remains pending and she has not received any request for evidence or been scheduled

for an in-person interview. [*Id.* ¶¶ 18-19, 21.]  She is a nurse, and Su claims her current Employment Authorization Document based on her asylee status provides only temporary and uncertain work authorization, and she has not been able to access long-term nursing opportunities that typically require permanent status. [*Id.* ¶ 20.]  Su has inquired and sought assistance from external sources, but USCIS has provided only generic responses instructing Su to "continue waiting" without providing any substantive explanation for the delay or any time line for adjudication. [*Id.* ¶¶ 24-26.] Su was admitted to the Bachelor of Science Nursing program at Indiana University for the Fall 2025 term, but because it requires intensive, full-time financial and personal commitment (including high tuition, fees, etc.), she could not commit to the level of financial obligation or sign a long-term lease near campus, so she has instead pursued a lower-cost interim option by taking courses at Ivy Tech Community College. [*Id.* ¶¶ 38-39.]

The complaint alleges that "[i]n 2025, following high-profile security incidents as part of a broader immigration 'crackdown,' the Trump administration, through DHS and USCIS, announced it was pausing adjudication of certain refugee-and asylee-based adjustment of status applications while new 'enhanced vetting' procedures were implemented.  Upon information and belief and based on public reports, USCIS has in practice treated asylee I-485 applications such as Plaintiffs as subject to this pause." [*Id.* ¶ 32.]  Su alleges that if she could complete the Indiana University Program, she would earn approximately $50,000 per year as a registered nurse. [*Id.* ¶ 42.]  For every month

2

the USCIS continues to delay adjudicating her I-485 application (postponing her ability to enroll in and complete the nursing program), Su is losing approximately $4,167 in expected nursing income and is suffering ongoing harm to her career progression and professional stability. *Id.*

Su has sued the USCIS (the agency responsible for implementing and enforcing immigration laws), Joseph B. Edlow (Director of USCIS), and Kristi Noem (then Secretary of the Department of Homeland Security (DHS)). [*Id.* ¶¶ 7-9.] Count I is a request for mandamus under 28 U.S.C. § 1361. Su claims under the Immigration and Nationality Act, USCIS has a mandatory duty to adjudicate her properly filed I-485 application within a reasonable time. [*Id.* at 10.] She alleges the statutory guideline establishes that these applications should be processed within 180 days (8 U.S.C. § 1571(b)), and USCIS has blown way past that deadline. Su also brings a claim for relief under the Administrative Procedure Act, 5 U.S.C. § 706(1), alleging Defendants have failed to adjudicate her petition within a reasonable time and without undue delay. [*Id.* at 12.] As noted at the outset, Su is very clear that she is not asking for a certain result; she is merely asking the Court to compel USCIS to adjudicate her petition.

### Discussion

Defendants seek dismissal of the complaint under both Federal Rule of Civil Procedure Rules 12(b)(1) and (6). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements.  *See Iqbal*, 556 U.S. at 678. Plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  Finally, "a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) 'tests the sufficiency of the complaint, not the merits of the case.'"  *Tarzian v. Kraft Heinz Foods Co.*, No. 18 C 7148, 2019 WL 5064732, at *2 (N.D. Ill. Oct. 9, 2019) (quoting *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012)).  Also, I am mindful that a document "filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and internal citations omitted).

When evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), I must use the same "plausibility" standard; therefore, I must accept alleged factual matters as true and draw all reasonable inferences in favor of Plaintiff.  *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).  Plaintiff bears the burden of establishing the jurisdictional requirements.  *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

As usual, the question of jurisdiction must come first.  Su is bringing her Administrative Procedure Act claim under 5 U.S.C. § 706(1) to compel agency action "unlawfully withheld or unreasonably delayed." [DE 12 at 11.] The APA authorizes suit by a person suffering a legal wrong because of an agency's action or failure to act, including the agency's failure to act within a reasonable time.  5 U.S.C. §§ 551(13), 555(b), 702, 706(1); *Norton v. S. Utah Wilderness Alliance (SUWA)*, 542 U.S. 55, 61-62 (2004).  But there is an important caveat in the APA.  It does not apply when: "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."  5 U.S.C. § 701(a).

For better or worse, the Immigration and Nationality Act or "INA" vests wide discretion in both the Attorney General and the Secretary of Homeland Security.  The operative statute provides that "no court shall have jurisdiction to review . . . any other *decision or action* of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the *discretion* of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added).  Another provision of the statute allows for the Department of Homeland Security (acting through USCIS) to adjust Su's immigration status and provides that under the Attorney General's "*discretion . . . may* adjust the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum." 8 U.S.C. § 1159(b) (emphasis added).  In other words, by making it clear that DHS has the discretion to adjust Su's status, it is also clear that there is

5

discretionary authority to trigger section 1252(a)(2)(B)(ii)'s jurisdictional bar. *See, e.g.,* *Bouarfa v. Mayorkas*, 604 U.S. 6, 13 (2024) (the word "may" "clearly connotes discretion.").

Su insists she is not asking this court to review a "decision or action." Instead, she is asking for review of the *inaction* – specifically, she is asking the Court to compel review of her I-485 application within a reasonable time. Thus, she concludes, the constraints of section 1252(a)(2)(B)(ii) don't apply to her predicament. This raises an interesting question whether doing nothing can reasonably be viewed as a "decision or action." I can see it both ways. But how I see it is largely unimportant in the face of compelling Seventh Circuit authority answering the question in a very similar context.

In *Soni v. Jaddou*, 103 F.4th 1271 (7th Cir. 2024), the Seventh Circuit considered a different immigration application, but one that was very similar to this case. In *Soni*, the plaintiff filed a Form 1-601A (an application to waive the ten year wait abroad period in order to obtain an immigrant visa after being in the United States unlawfully for more than a year). After his application had been pending for 17 months, he sued and asked the district court to direct the agency to render a decision within 14 days. *Id.* at 1272. The district court dismissed the complaint for lack of jurisdiction, relying on 8 U.S.C. § 1182(a)(9)(B)(v) which similarly provided that "No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause." *Id.* The Seventh Circuit noted that the APA presumptively allows for judicial review of agency inaction, but that grant of authority comes with an exception: it does

6

not apply when "statutes preclude judicial review."  5 U.S.C. § 706(a)(1).  The Court

reasoned, "Section 1182(a)(9)(B)(v) does just that, so by its own terms the APA drops

out.  No review means no review; the statute does not need to list all of the many

potential legal theories that are not reviewable." *Id.* at 1273.  The Seventh Circuit went

on to recognize that the "current delay is onerous" but "it is the duty of the Executive

Branch to address this operation problem; our duty is to abide by the law as enacted,

including the prohibition on judicial review."  *Id. Soni* compels the same result in this

case—dismissal for lack of jurisdiction.

A chorus of district judges has arrived at the same conclusion. Take, for example,

*Bhaidas v. Noem*, No. 3:25-cv-242 DRL-SJF, 2025 WL 2996362 (N.D. Ind. Oct. 22, 2025).

While that case involved the filing of both a Form I-130 petition and I-485 application to

adjust status, the court was clear as to the I-485 application (the same application that

Su filed), that it lacked jurisdiction to rule on a similar request to compel an

adjudication:

> [I]t comes down to whether the agency's . . . choice of priorities in
> deciding such petitions qualify as a 'decision or action' for which
> the Attorney General has been conferred statutory discretion that,
> through the operation of § 1252(a)(2)(B), strips the court of
> jurisdiction.  And they do, and she does, and it does. . . . What
> makes an applicant eligible for relief under an I-485 petition,
> whether an applicant's status will be adjusted, and what sequence
> and resources are in priority put to its resolution are matters that,
> by statute, are not just confined to the Attorney General's discretion
> but removed from judicial review.  *See* 8 U.S.C. §§ 1252(a)(2)(B),
> 1255(a); *Soni*, 103 F.4th at 1272-73.

*Id.* at *4-5.

Other district court cases in this Circuit have similarly concluded that section 1252(a)(2)(B)(ii) "strips the Court of the ability to review not just those ultimate decisions but 'any . . . action' leading to such decisions as well" and thus "insulates from judicial review the timeline under which that process unfolds." *Garcia v. USCIS*, 760 F.Supp.3d 671, 673 (N.D. Ill. 2024) (finding court lacked subject matter jurisdiction to compel USCIS to adjudicate plaintiff's Form I-601 application for a waiver); *Lobatos v. Noem*, No. 25 C 01223, 2025 WL 1651220, at *4-5 (N.D. Ill. June 11, 2025) (finding the court lacked subject matter jurisdiction to evaluate whether USCIS unreasonably delayed in ruling on Plaintiff's U Visa Petition, relying in part on *Soni*); *Ahir v. Noem*, No. 25-CV-00470, 2025 WL 2522642, at *3 (N.D. Ill. Sept. 2, 2025) (same); *Patel v. Noem*, No. 24 C 12143, 2025 WL 1489204, at *2 (N.D. Ill. May 23, 2025) (finding the Court lacked jurisdiction to review claims regarding USCIS's delay in adjudicating Plaintiffs' EAD applications).

To be sure, there are some district judges in other circuits that have come out the other way, determining judicial review is *not* barred by section 1252(a)(2)(B)(ii) because USCIS's lack of action cannot be construed as a "decision or action by the Attorney General" or finding that USCIS has a mandatory, not discretionary, duty to adjudicate adjustment of status applications. *See Roka and Khatri, v. Noem*, No. 4:25-cv-1697 RWS, 2026 WL 1077441, at *6-*7 (E.D. Mo. Apr. 21, 2026) (cases cited therein). But those cases are neither here nor there in the face of *Soni* and the judicial pecking order under which our judicial system operates.

**Conclusion**

For the above mentioned reasons, Defendants' motion to dismiss [DE 5] is

GRANTED and this case is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

SO ORDERED.

ENTERED: April 29, 2026.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT